-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BENJAMIN POWELL,

        Plaintiff,

        -v-

NIAGARA COUNTY JAIL SHERIFF THOMAS BEILIEN,

        Defendant.

DECISION AND ORDER
04-CV-0926A(Sr)

---

## INTRODUCTION

Plaintiff, Benjamin Powell, a federal pre-trial detainee who is being detained at the Niagara County Jail, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 2). Plaintiff's claims do not state cognizable claims upon which relief can be granted and will be dismissed unless plaintiff files an amended complaint as directed below. Plaintiff also seeks the appointment of counsel (Docket No. 3), which is denied at this time without prejudice.

Plaintiff claims that defendant, Thomas Beilein, the Sheriff of Niagara County, who is responsible for the Niagara County Jail, violated his rights by (1) not providing lighting fixtures and proper heating in the cell block where he is housed; (2) removing stamps on letters that are returned for insufficient postage and not having an adequate law library; and (3) not allowing inmates in punitive segregation to have lotion and hair grease in order to maintain proper skin and scalp hygiene. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted,

but unless plaintiff files an amended complaint on or before May 25, 2005, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.[1]

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *and see Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. §§ 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)).

---

[1] To the extent plaintiff's complaint can be construed as requesting preliminary injunctive relief pursuant to Fed.R.Civ.P. 65, such relief is denied because plaintiff has not established irreparable harm and either a likelihood of success on the merits, or sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party. *E.g., Plaza Health Laboratories, Inc. v. Perales*, 878 F.2d 577, 580 (2d Cir. 1989) (citing *Sperry International Trade, Inc. v. Government of Israel*, 670 F.2d 8, 11 (2d Cir. 1982) and *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979) (per curiam)).

### A. Plaintiff's Allegations

As noted, plaintiff alleges that there are no light fixtures or other lighting in his cell and that the heating in his cell block is not working. He also alleges that personnel at the Jail remove postage from inmates' letters which are returned to the Jail for insufficient postage and that the law library is inadequate because it does not have a trained librarian who can assist inmates in preparing legal documents nor sufficient federal legal materials. Lastly, plaintiff alleges that he and other inmates in punitive segregation are not allowed to have lotion, hair gell and shaving cream which are necessary for proper scalp and skin care.

Liberally construed, it appears that plaintiff's complaint is attempting to allege two conditions of confinement claims under the Eighth Amendment to the United States Constitution and a denial of access to the courts claim under the First Amendment. Each of these claims, however, are inadequately pled and do not state claims upon which relief can be granted and will be dismissed unless plaintiff files an amended complaint setting forth sufficient allegations of fact, not conclusions, to state claims upon which relief can be granted. *See, e.g., Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) (citing *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir.1999) (per curiam) ("Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the [pro se ] complaint gives any indication that a valid claim might be stated.")); *McEachin v. McGuiniss*, 357 F.3d 197, 200 (2d Cir. 2004) "(We have frequently reiterated that [s]ua *sponte* dismissals of *pro se* prisoner petitions which contain non-frivolous claims without requiring service upon respondents or granting leave to amend is disfavored by this Court. ") (internal quotation marks and citations omitted).

1. Lack of Adequate Lighting and Heating

In order to establish a violation of the Eighth Amendment, an inmate must show "(1) that the deprivation alleged is 'objectively sufficiently serious' such that the plaintiff was denied 'the minimal civilized measure of life's necessities,' and (2) that the defendant official possessed a 'sufficiently culpable state of mind' associated with 'the unnecessary and wanton infliction of pain.'" *Trammell v. Keane*, 338 F.3d 155, 161 (2d Cir., 2003) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoted in *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir.2001)). "After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Ingraham v. Wright*, 430 U.S. 651, 670 (1977) (quotation marks and citations omitted). In *Trammell*, the Second Circuit Court of Appeals held that the "deliberate indifference" standard applies to conditions of confinement claims, not the more exacting "malicious or sadistic" standard applied in excessive force cases. 338 F.3d at 161 (citing *Gaston*, 249 F.3d at 164 (applying deliberate indifference standard to case alleging that inmate was exposed to unsanitary conditions and prolonged cold); *Blissett v. Coughlin*, 66 F.3d 531, 536-37 (2d Cir.1995) (applying deliberate indifference standard to case involving allegations that inmate was housed for several days in a "dark unsanitary observation cell, without any personal amenities").

A claim of inadequate lighting can state a conditions-of-confinement claim under the Eighth Amendment, *see, e.g., Hoptowit v. Spellman*, 753 F.2d 779, 783 (9th Cir.1985); *Amaker v. Goord*, No. 98 CIV. 3634(JGK), 2002 WL 523371, at ** 7-8 (S.D.N.Y., March 9, 2002); *Whitley v. Westchester Ct'y Correctional Facility*, 97 Civ. 0420, 1997 WL 659100, at *4 (S.D.N.Y. Oct. 22, 1997), but an inmate must allege that the lighting was so inadequate that it caused or aggravated an objectively serious medical conditions and that the defendant was deliberately indifferent to the

4

medical condition. *See Amaker*, 2002 W.L. 523371, at ** 7-8 (*citing Wilkerson v. Maggio*, 703 F.2d 909, 912 (5th Cir.1983) (per curiam) (affirming dismissal of Eighth Amendment claim for inadequate lighting where evidence failed to show that the conditions of confinement were not an etiological cause or aggravating condition of myopia, which the plaintiff suffered from); *Whitley*, 1997 WL 659100, at *4 (allowing Eighth Amendment claim in response to a motion to dismiss where allegation was that poor ventilation aggravated condition of asthma).

Here, plaintiff's complaint fails to allege a sufficient claim under the Eighth Amendment because he fails to allege facts that, if proven, would establish that the lack of adequate lighting or heating was "'objectively sufficiently serious' such that he was denied 'the minimal civilized measure of life's necessities,'" *Trammell*, 338 F.3d at 161 (citations omitted), and that defendant was deliberately indifferent. Accordingly, plaintiff's condition of confinement claim relating to his allegations of inadequate lighting and heat will be dismissed unless he files an amended complaint setting forth the necessary allegations to establish, if proven, that the lack of lighting or heating was sufficiently serious and that the defendant was deliberately indifferent.

### 2. Removal of Postage and Inadequate Law Library

Plaintiff alleges that the officials at the Jail removed (and generally removes) postage from a letter that was returned for inadequate postage thereby requiring him to use new postage in order to re-mail the letter to the court. A response to a grievance attached to the complaint states that plaintiff forwarded a letter to the court, that the letter was returned for inadequate postage and checked for contraband and that, per prison policy, the stamp was removed.

In order to establish a denial of access to the courts claim, an inmate must show that he has suffered, or will imminently suffer, actual harm; that is, that he was "hindered [in] his efforts to

pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *accord Morello v. James*, 810 F.2d 344, 347 (2d Cir. 1987). Thus, plaintiff must show that he suffered an actual injury traceable to the challenged conduct of prison officials. A plaintiff cannot establish actual injury unless he shows that a "nonfrivolous legal claim had been frustrated or was being impeded" due to the actions of prison officials. *Lewis*, 518 U.S. at 351-52. Plaintiff's complaint herein "offers no facts to explain how [the removal of stamp from his returned mail or the alleged inadequacy of the law library] prejudiced [his] ability to seek redress from the judicial system." *Smith v. O'Connor*, 901 F. Supp. 644, 649 (S.D.N.Y. 1995). Accordingly, plaintiff's claims that he has been denied access to the courts will be dismissed unless he files an amended complaint which set forth allegations which, if true, would establish that the policy of removing stamps from returned mail and the lack of a trained librarian or abundant legal materials prejudiced his ability to seek legal redress from the courts.

### 3. Denial of Hygiene Products

Plaintiff alleges that as an inmate in punitive segregation he was denied access to skin and scalp products which are necessary to maintain proper hygiene. This claim, like his other conditions of confinement claim addressed above, does not sufficiently allege that the denial of hygiene products was "objectively sufficiently serious"--*i.e.*, that plaintiff has been deprived of the minimal necessities of life--*see Wilson v. Seiter*, 501 U.S. 294, 298 (1991), and that the defendant was deliberately indifferent. *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir.1994). "[A] prison official does not act in a deliberately indifferent manner unless that official 'knows and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." ' *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

6

The courts in this Circuit and others have found that the lengthy denial of hygiene products--*e.g.*, toilet paper, personal hygiene items, soap, toothpaste--could constitute a denial of the basic necessities of life in violation of the Eighth Amendment. *See, e.g., Trammell*, 338 F.3d at 161 ("[d]eprivation of other toiletries for approximately two weeks--while perhaps uncomfortable--does not pose such an obvious risk to an inmate's health or safety to suggest that the defendants were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and [that they also drew] the inference."); *Wright v. McMann*, 387 F.2d 519 (2d Cir.1967) (detention of an inmate in strip cell with no toilet paper unconstitutional); *Fernandez v. Armstrong*, No. 3:02CV2252CFD, 2005 WL 733664 (D.Conn., March 30, 2005) (collecting cases).

Here again, plaintiff has failed to set forth facts, which if established, would show that the denial of skin lotion and hair grease was sufficiently serious and that defendant Beilein was deliberately indifferent to the risk of harm posed by the lack of such materials. In the absence of these allegations, plaintiff does not set forth a claim under the Eighth Amendment but he will be provided an opportunity to amend his complaint to allege a sufficient conditions of confinement claim based on a denial of hygiene products.

## **CONCLUSION**

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization, his request to proceed *in forma pauperis* is granted. For the reasons set forth above, plaintiff's complaint must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) 1915A(b)(1) unless he files an amended complaint by **May 25, 2005** in which he includes the necessary allegations regarding his claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to <u>completely replace</u> the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom.*, *Vesco & Co., Inc. v. International Controls Corp.*, 434 U.S. 1014 (1978); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's amended complaint must include all of the allegations against the defendant so that the amended complaint may stand alone as the sole complaint in this action which the defendant must answer.

Plaintiff is forewarned that if he fails to file an amended complaint as directed, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). Plaintiff is further forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B). *See* 28 U.S.C. § 1915(g).

## ORDER

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma pauperis* is granted and that his motion for the appointment of counsel is denied without prejudice;

FURTHER, that plaintiff is granted leave to file an amended complaint as directed above by **May 25, 2005**;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **May 25, 2005**, the complaint shall be dismissed with prejudice without further order of the Court;

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint by **May 25, 2005,** the Clerk of the Court shall close this case as dismissed with prejudice without further order; and

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint by **May 20, 2005,** the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED:    April 25, 2005
          Rochester, New York