-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BENJAMIN POWELL,

                    Plaintiff,

                                                    04-CV-0926A

         -v-                                        MEMORANDUM and ORDER

NIAGARA COUNTY JAIL,
SHERIFF, THOMAS BELIEN, official and individual capacity,
PETER CLARK, Superintendent, official and individual capacity,
MAJOR SEXTON, Jail Officer, official and individual capacity, and
COUNTY OF NIAGARA, NEW YORK STATE,

                    Defendants.

_____

## INTRODUCTION

Plaintiff, formerly a federal pre-trial detainee who was being held at the Niagara

County Jail and has since been released following a plea of guilty and a sentence of time

served and a period of supervised release (*U.S. v. Powell*, 04-CR-0083A), filed a pro se

complaint against Niagara County Sheriff Thomas Beilein alleging that Beilein, who is

responsible for the Niagara County Jail, violated his rights by (1) not providing lighting

fixtures and proper heating in the cell block where he was housed; (2) removing stamps

on mail that were returned to the Jail for insufficient postage and not having an adequate

law library; and (3) not allowing inmates in punitive segregation to have lotion and hair

grease in order to maintain proper skin and scalp hygiene.  (Docket No. 1, Complaint;

Docket No. 5, Decision and Order).  The Court, after granting plaintiff permission to

proceed in forma pauperis and liberally construing plaintiff's claims to be alleging

conditions of confinement claims[1] and denial of access to the court claims, found that the complaint failed to state claims on which relief could be granted and directed plaintiff to file an amended complaint.[2]  *See, e.g., Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) (citing *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir.1999) (per curiam) ("Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the [pro se] complaint gives any indication that a valid claim might be stated.")).  (Docket No. 5, Decision and Order).

Plaintiff has filed an amended complaint against Beilein, and the Niagara County Jail, Peter Clark, the Superintendent of the Jail, Major Saxton, a Jail "Officer," and the County of Niagara, alleging the same claims as before--the lack of lighting fixtures in cells and inadequate heating, an inadequate law library, the removal of postage from envelopes returned for inadequate postage and the denial of skin and scalp hygiene products. Plaintiff alleges violations of 42 U.S.C. § 1983 and a state law breach of contract claim. The breach of contract claim is apparently based on the allegation that plaintiff is a third-party beneficiary of a contract between the United States and the County of Niagara to house federal pre-trial detainees.  The claims are brought against the defendants in both their official and individual capacities.

---

[1]The Court notes that since plaintiff was pre-trial detainee, his conditions of confinement claim should have been and will now be construed as a substantive due process claim under the Fourteenth Amendment, as opposed to a cruel and unusual punishment claim under the Eighth Amendment. *See Benjamin v. Fraser*, 343 F.3d 35, 49-50 (2d Cir. 2003) (citations omitted). *See also Weyant v. Okst*, 101 F.3d 845, 856 (2d Cir.1996).  This, however, does not change the fact that, under either standard of review, plaintiff's claims in both the complaint and, as discussed below, amended complaint fail to state claims for relief under the Due Process Clause of the Fourteenth Amendment.

[2]After the filing of the amended complaint herein, the Court mistakenly dismissed this action for plaintiff's failure to prosecute.  That dismissal order, however, was "redacted" the next day.

Plaintiff's amended complaint does not assert any additional, non-conclusory allegations of fact which, if proven, would support a claim under 42 U.S.C. § 1983 for a violation of plaintiff's constitutional rights. Because all of plaintiff's federal claims are being dismissed the Court declines to exercise supplemental jurisdiction over plaintiff's alleged breach of contract claim against the County of Niagara. *See* 28 U.S.C. § 1367. Accordingly, plaintiff's amended complaint is dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim on which relief can be granted.

## DISCUSSION

Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. In addition, 28 U.S.C. § 1915A(a) requires the Court to conduct an initial screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.*, regardless of whether or not the inmate has sought *in forma pauperis* status under 28 U.S.C. § 1915.

### A. Plaintiff's Allegations

#### 1. Adequate Lighting and Heat

Plaintiff's amended complaint alleges that he was not provided adequate heating and lighting fixtures in his cell for five weeks while he was in some type of special housing unit, and that when he returned to general population there was still no lighting fixtures in

the cells but there was "some" heat.  Plaintiff alleges that he was deprived of the basic

necessities of life as defined by a civilized society.

As noted in footnote 1, *supra*, these conditions of confinement claim—sometimes

referred to as an "environmental conditions" claim—is are to be reviewed under the Due

Process Clause of the Fourteenth Amendment because "[a] person lawfully committed to

pretrial detention has not been adjudged guilty of any crime," *Bell v. Wolffish*, 441 U.S.

520, 536 (1979), and "thus, under the Due Process Clause, may not be punished in any

manner-neither cruelly and unusually nor otherwise." *Benjamin v. Fraser*,  343 F.3d 35,

50 (2d Cir. 2003) (citing *Bell*, 441 U.S. at 535).  "Under the Due Process Clause, state

officials may subject a pretrial detainee to restrictions that are inherent to confinement in

a detention facility so long as those conditions do not "amount to punishment of the

detainee." *Curry v. Kerik*, 163 F.Supp.2d 232 (S.D.N.Y. 2001) (quoting *Bell*, 441 U.S. at

535). "Not every disability imposed during pretrial detention amounts to 'punishment' in the

constitutional sense" *Bell*, 441 U.S. at 537, and thus the question is whether the disability

is "imposed for the purpose of punishment or whether it is but an incident of some other

legitimate governmental purpose." *Id.* at 538.

Moreover, the Supreme Court has held that a detainee's Fourteenth Amendment

due process rights concerning the conditions of his confinement are "at least as great as

the Eighth Amendment protections available to a convicted prisoner." *City of Revere v.

Massachusetts General Hospital*, 463 U.S. 239, 244 (1983) (citations omitted).

Accordingly, a pretrial detainee's pleading regarding the conditions of his confinement,

must meet both an objective and a subjective standard: that is, the complaint must allege

4

that the deprivation is " 'sufficiently serious' such that the deprivation denied the minimal civilized measure of life's necessities" and that the defendants "had a sufficiently culpable state of mind amounting to at least deliberate indifference." *Dawes v. Walker*, 239 F.3d 489, 493-94 (2d Cir.2001) (citations omitted) (Eighth Amendment) (overruled on other grounds). *See also* Weyant v. Okst, 101 F.3d 845, 856 (2d Cir. 1996) (Fourteenth Amendment).

The plaintiff has failed (again) to allege facts which, if established, would show that the alleged lack of adequate lighting and heat--even if considered punitive, which this Court does not so find--were "sufficiently serious" such that plaintiff was "denied the minimal civilized measures of life's necessities." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (citation and internal quotations omitted). The Constitution "does not mandate comfortable prisons," *see Wilson*, 501 U.S. at 298, and "short-term confinement under unsanitary or uncomfortable conditions, without more, typically does not amount to a constitutional violation." *Mahase v. City of New York*, No. 96 Civ. 6105, 2000 WL 263742, at *5-6 (E.D.N.Y. Jan. 5, 2000).

Plaintiff alleges only that he was not provided adequate lighting (*i.e.*, lighting fixtures) during his time at the Niagara County Jail and that there was not adequate heat for a five week period of time at the Jail when he was in some type of disciplinary segregation. There are no allegations that these alleged deprivations were in any way punitive or that they were sufficiently serious to such a degree that it can be said that plaintiff was deprived

5

of the basic necessities of life.  Moreover, the amended complaint fails to sufficiently allege

deliberate indifference on the part of any of the Jail officials.[3]

### 2.  Adequate Law Library and Postage Removal

Plaintiff alleges that he did not have access to an adequate law library because the

library at the Jail[4] did not have adequate federal resources nor a librarian or a trained

paralegal.  He also alleges that the Jail's policy of removing postage from returned mail

denied him access to the courts.  While it is true that under the Constitution a correctional

facility must provide an inmate with meaningful access to the courts, *Bounds v. Smith*, 430

U.S. 817, 828 (1977), the mere limitation of access to legal materials, without more, does

not state a constitutional claim, as "'the Constitution requires no more than reasonable

access to the courts.'"  *Jermosen v. Coughlin*, 877 F. Supp. 864, 871 (S.D.N.Y. 1995)

(quoting *Pickett v. Schaefer*, 503 F. Supp. 27, 28 (S.D.N.Y. 1980)).  Moreover, in order to

state a constitutional claim, a plaintiff must make a showing that he has suffered, or will

---

[3]As to the claims against the County of Niagara and Niagara County Jail, plaintiff does not adequately allege that the constitutional violations occurred pursuant to a policy or custom of the County.  *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978).  Simply alleging in conclusory fashion that there was a policy or custom that caused the constitutional violations is not sufficient to state a claim of municipal liability.  The claims against the Sheriff and Superintendent of the Jail are simply brought under the theory of respondeat superior, and there are no allegations that the Sheriff or Superintendent committed the alleged constitutional violations.  *See Monell*, 436 U.S. at 690; *see also Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir.1995) ("a municipality may not be held liable for the 'actions alleged to be unconstitutional by its employees below the policymaking level on the basis of respondeat superior.'").  Moreover, the Niagara County Jail, as a department or arm of Niagara County, does not have a legal identity separate and apart from the County and therefore cannot be sued as an entity.  *See Brockport v. Monroe County Pure Waters Div.*, 75 A.D.2d 483, 486 (4th Dept. 1980), aff'd 54 N.Y.2d 678 (1981).

As to plaintiff's claims against the individual defendants in their "official capacities" said claims should be dismissed because a claim against a government official in his official capacity is merely another way of asserting a claim against the governmental entity that employs the official. *Monell*, 436 U.S. at 690 n. 55; *Baines v. Masiello*, 288 F.Supp.2d 376, 384 (W.D.N.Y.2003) ("a suit against a municipal officer in his or her official capacity is functionally equivalent to a suit against the entity of which the officer is an agent.").

[4]Pretrial detainees and sentenced prisoners enjoy a right of access to the courts. *Wolfish v. Levi*, 573 F.2d 118, 133 (2d Cir.1978), *rev'd on other grounds sub nom. Bell v. Wolfish*, 441 U.S. 520 (1979).

imminently suffer, actual harm; that is, that he was "hindered [in] his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996).

Thus, plaintiff must show that he has suffered an actual injury traceable to the challenged conduct of prison officials. A plaintiff has not shown actual injury unless he shows that a "nonfrivolous legal claim had been frustrated or was being impeded" due to the actions of prison officials. *Lewis*, 518 U.S. at 351-52.

Plaintiff's amended complaint simply restates the legal standards just set forth above (and in the Court's initial Decision and Order) and, other than alleging in wholly conclusory terms that the removal of postage, pursuant to the "custom and policy" of the Jail, on one returned submission to the court caused him to "suffer[], imminently suffer, actual harm, [and that] he was hindered in his effort to pursue a legal claim," he alleges no facts to support said conclusions. He does not identify what specifically was returned, other than it was something forwarded to the court, or how the removal of a stamp on what was returned somehow prejudiced a claim he had. There are simply no allegations regarding how plaintiff suffered any injury, let alone an actual injury in the form of a "nonfrivolous legal claim [being] frustrated or . . . impeded" due to the removal of postage. *Lewis*, 518 U.S. 351-52.

The same is true with respect to the allegations related to the inadequate library claims. Plaintiff alleges that the library did not have sufficient federal legal material nor a trained librarian or paralegal, but he again fails to allege how this, in any way, caused him actual injury in the form of a claim being prejudiced. *See Lewis*, 518 U.S. at 351 (inmate claiming denial of access to courts cannot establish relevant actual injury simply by

establishing that his prison's law library or legal assistance program is subpar in some theoretical sense). The Court notes that plaintiff filed numerous actions in this court related to his detention at the Niagara County Jail[5] and he repeatedly wrote to the court and submitted papers in relation to said actions and his prior pending criminal matter.

Accordingly, plaintiff's claims under the First Amendment must be dismissed.

### 3. Lack of Skin or Scalp Products

Plaintiff alleges that the denial of "hair grease" and skin oil or lotion caused his scalp and skin to become dry, flaky and irritated. This again fails to state a claim for relief under the Due Process Clause of the Fourteenth Amendment, *see Weyant*, 101 F.3d at 856 ("The rights of one who has not been convicted are protected by the Due Process Clause, not the Eighth Amendment), inasmuch as there are no allegations that the lack or denial of hair grease and skin oil was "objectively sufficiently serious"--*i.e.*, that plaintiff has been deprived of the minimal necessities of life--*see Wilson*, 501 U.S. at 298; there are also no factual, non-conclusory allegations that the defendants were deliberately indifferent. *See Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir.1994). The denial of hair care products or lotion cannot be viewed as, and is not adequately pled as, punitive and plaintiff's dry and flaky skin is not, based on the allegations set forth in the amended complaint, sufficiently serious to such a degree that it can be said that plaintiff was denied the basic necessities of life in a civilized society. *See Dawes*, 239 F.3d at 493-94 (citations omitted). Moreover,

---

[5]*Powell v. DiPasquale, et al*, 04-CV-00897(A)(Sr); *Powell v. Convissar*, 04-CV-00973(A); *Powell v. United States of America, et al*, 05-CV-00003(A) and the instant action. He also filed notices of appeal in 04-CV-0973A and 04-CV-0003A; one of which was dismissed by the Court of Appeal for lacking an arguable basis in law or fact (04-CV-0003A), and one for failure to pay the docketing fee or move for leave to proceed in forma pauperis (04-CV-0973A).

there are no allegations that plaintiff's dry and flaky scalp or skin was a serious medical need and that the defendants were deliberately indifferent to said need. *See Estelle v. Gamble*, 429 U.S. 97 (1976) (indifference to serious medical needs constitutes violation of Eighth Amendment rights). The allegations of the amended complaint are therefore insufficient to support a claim under the Fourteenth Amendment's Due Process Clause.

## CONCLUSION

For the reasons discussed above, the amended complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A. Plaintiff is forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. *See* 28 U.S.C. § 1915(g).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## ORDER

IT HEREBY IS ORDERED, that the claims pled in the amended complaint, pursuant to 42 U.S.C. § 1983, are dismissed with prejudice;

9

FURTHER, that the state law breach of contract claims is dismissed without prejudice; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

SO ORDERED.

DATED:       Buffalo, New York
             June 21_____, 2006

                                        _____
                                        JOHN T. ELFVIN
                                        UNITED STATES DISTRICT JUDGE

10